UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brandon Lewis Cain,

            Petitioner,      Case No. 24-cv-10684

v.                                 Judith E. Levy
                                 United States District Judge
John Davids,
                                 Mag. Judge David R. Grand
           Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING AS MOOT PETITIONER'S MOTION [5], AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Brandon Lewis Cain ("Petitioner") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) He is currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. In his habeas application, Petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84. For the reasons set forth below, the petition for a writ of habeas corpus is DISMISSED.

## I. Background

Petitioner pleaded *nolo contendere* to the above offense in the Wayne County Circuit Court. On April 17, 2006, Petitioner was sentenced to three years of probation with six months to be served in the county jail. (ECF No. 1, PageID.1.) Petitioner is no longer in custody for this case (*Id.* at PageID.13), but remains incarcerated for other offenses.[1]

Petitioner filed a petition for a writ of habeas corpus dated March 11, 2024, in which he seeks habeas relief from his 2006 conviction.

## II. Discussion

The Court lacks jurisdiction over the habeas petition because Petitioner is no longer in custody for his 2006 conviction.

28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a) require that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time that the habeas petition is filed in the federal court. *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*,

---

[1] The Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that Petitioner was discharged from his sentence on his 2006 conviction on May 10, 2010. Mich. Dep't of Corr., *Biographical Information*, https://perma.cc/PY9A-XAKU (last visited Aug. 1, 2024). This Court is permitted to take judicial notice of information from OTIS. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

2

391 U.S. 234, 238 (1968)). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492–93; *see also Clemons v. Mendez*, 121 F. Supp. 2d 1101, 1102–03 (E.D. Mich. 2000). The "in custody" requirement is jurisdictional. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). "[I]f a petitioner is not 'in custody' when []he files h[is] petition, courts may not consider it." *Id.*

Because Petitioner's sentence has expired on his 2006 assault with intent to do great bodily harm conviction, he is no longer in custody on this conviction. Thus, the Court lacks subject matter jurisdiction over his habeas petition with respect to this conviction. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Finally, the fact that Petitioner is still in prison for other convictions does not alter this analysis. A habeas petitioner who has fully served his sentence does not satisfy the custody requirement for that charge merely because he is serving a prison sentence or other restraint on another conviction which is not being challenged in the current habeas petition. *See, e.g.*, *Ward v. Knoblock*, 738 F.2d 134, 136–38 (6th Cir. 1984). Because Petitioner is no longer in custody for the 2006 assault with intent

3

to do great bodily harm conviction, he cannot maintain a habeas challenge against this conviction.

### III. Conclusion

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the petition for a writ of habeas corpus (ECF No. 1). Petitioner's "motion for this honorable court to make an immediate determination regarding the initial screening of petitioners writ of habeas corpus" is DENIED as MOOT. (ECF No. 5.)

Before Petitioner may appeal this decision, the Court must determine whether to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

The Court DENIES Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his 2006 conviction. The Court further DENIES Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

IT IS SO ORDERED.

Dated: August 2, 2024　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　　United States District Judge

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 2, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
