UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brandon Lewis Cain,

          Petitioner,    Case No. 24-cv-10684

v.                             Judith E. Levy
                               United States District Judge

John Davids,

                               Mag. Judge David R. Grand

          Respondent.

_____/

**OPINION AND ORDER ON REMAND DENYING THE MOTION
TO ALTER OR AMEND JUDGMENT [11]**

This case is on remand from the United States Court of Appeals for the Sixth Circuit to adjudicate Petitioner's motion to alter or to amend the judgment. (ECF No. 11.) For the reasons set forth below, the motion is DENIED.

**I. Background**

This Court summarily dismissed Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, because by Petitioner's own admission, he was no longer in custody on the 2006 conviction he was challenging. The Court denied Petitioner a certificate

of appealability or leave to appeal *in forma pauperis.* (ECF No. 7, PageID.57.)

Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. (ECF No. 9.) Petitioner also filed a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e) and/or Fed. R. Civ. P. 60(b). (ECF No. 11.) The Court transferred Petitioner's motion to alter or amend to the Sixth Circuit, concluding that it lacked jurisdiction to consider the motion due to his filing of a notice of appeal. (ECF No. 13.)

The Sixth Circuit found that this Court has jurisdiction to entertain the motion to alter or amend judgment and remanded the case to this Court to consider the merits of the motion. (ECF No. 17.)

**II. Discussion**

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest

injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Brumley*, 909 F.3d at 841 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal. *See Johnson v. Henderson,* 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Pursuant to Fed. R. Civ. P. 60(b), a motion for relief from judgment can be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharge; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The party who seeks to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Petitioner, while represented by counsel, pleaded *nolo contendere* to assault with intent to do great bodily harm less than murder in the Wayne County Circuit Court. On April 17, 2006, Petitioner was sentenced to three years of probation with six months to be served in the county jail. (ECF No. 7, PageID.54.)

The Michigan Department of Corrections Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *see Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner was discharged from his sentence on his assault with intent to do great bodily harm conviction on May 10, 2010.[1] Petitioner, in fact, agrees that he is no longer in custody for this case (ECF No. 1, PageID.13), although he remains incarcerated for several other offenses. As mentioned above, the Court dismissed the petition because Petitioner was no longer in custody on this offense.

---

[1] Mich. Dep't of Corr., *Offender Tracking Information System*, https://perma.cc/J28T-KAM4 (last visited June 2, 2025).

4

The language of 28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner is no longer "in custody," for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492–93. The "in custody" requirement is jurisdictional. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018). If a habeas petitioner is not in custody when they file a habeas petition, the Court "may not consider it." *Id.* The Court dismissed this petition after concluding that it lacked subject matter jurisdiction over the petition because Petitioner was no longer in custody. His sentence had expired on his 2006 conviction. *See Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001).

Petitioner argues that although he is no longer in custody for his 2006 conviction, he should nonetheless be able to seek habeas relief on this conviction because his retained trial counsel was ineffective by giving him improper advice which induced him to plead *nolo contendere* and also was ineffective for failing to file a notice of appeal on Petitioner's behalf. (ECF No. 11, PageID.64–66.)

5

In *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001), the Supreme Court held that "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Therefore, "[i]f that conviction is later used to enhance a criminal sentence," a habeas petitioner "generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.*

However, the Supreme Court has established an exception to the general rule for § 2254 petitions for challenges to "an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel [for the petitioner] in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 [] (1963)." *Id.* at 404. The Supreme Court noted that the "'failure to appoint counsel for an indigent [individual] [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations." *Lackawanna*, 532 U.S. at 404 (quoting *Custis*

*v. United States*, 511 U.S. 485, 496 (1994)). Therefore, when "an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Id*.

Petitioner is not entitled to invoke the *Lackawanna* exception for two reasons.

First, Petitioner does not allege, either in his petition or in his motion, that his 2006 conviction was used to enhance any subsequent sentence.

Second, Petitioner does not allege that he was unrepresented by counsel on his 2006 assault case. Petitioner acknowledges that he was represented by retained counsel but claims that trial counsel was ineffective. (ECF No. 11, PageID.64–65.) Although Petitioner claims that his trial counsel was ineffective, this is not the same as being unrepresented by counsel. *See Ferqueron*, 54 F. App'x at 189–90 (holding that the petition does not fall within *Lackawanna*'s "absence of counsel" exception, despite the petitioner's claim that counsel was ineffective); *see*

7

*also Baxter v. Perry*, No. 118CV01207STAJAY, 2020 WL 7233356, at *2 (W.D. Tenn. Dec. 8, 2020) ("*Lackawanna* is clear, however, that the exception requires a complete absence of counsel."). Because Petitioner was represented by counsel when he pleaded *nolo contendere* to the 2006 assault charge, his case does not fall within the exception set forth under *Lackawanna. See Kerr v. Hedrick*, 89 F. App'x 962, 963 (6th Cir. 2004); *Ferqueron v. Straub*, 54 F. App'x 188, 190 (6th Cir. 2002); *White v. Kapture*, 42 F. App'x 672, 674 (6th Cir. 2002).

The Court notes that a three-judge plurality in *Lackawanna* recognized that there might be other exceptions to this rule, such as in situations where the subsequent federal habeas petition is "the first and only forum available for review of the prior conviction." *Lackawanna*, 532 U.S. at 405–06. Specifically, the plurality acknowledged two examples: (1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains "compelling evidence that he is actually innocent." *Id*.

In the present case, Petitioner does not show that the state courts refused to rule on constitutional claims that he had properly presented

to them for review, nor has Petitioner presented this Court with compelling evidence that he is actually innocent of the assault with intent to do great bodily harm conviction, to which he pleaded *nolo contendere.* Petitioner had an available forum for review of his 2006 conviction and he sought post-conviction relief in the state courts for that conviction. The trial judge, in fact, reissued the judgment to enable Petitioner to appeal his conviction. (ECF No. 1, PageID.14.) Petitioner then filed a motion to withdraw the plea, which the trial court denied. (ECF No. 1, PageID.36); *People v. Cain*, No. 05-012544-FC (Wayne Cty. Cir. Ct., Aug. 2, 2023). The Michigan appellate courts denied Petitioner leave to appeal. (ECF No. 1, PageID.37–38); *People v. Cain,* No. 367397 (Mich. Ct. App. Oct. 11, 2023), *appeal denied,* 513 Mich. 999 (2024). Because Petitioner had an available state-court forum to advance his claims, the second *Lackawanna* exception does not apply. *Kerr*, 89 F. App'x at 963; *Ferqueron*, 54 F. App'x at 190; *White*, 42 F. App'x at 674. Finally, Petitioner has failed to offer any compelling evidence that he is actually innocent of the assault with intent to do great bodily harm conviction.

## III. Conclusion

Based upon the foregoing, Petitioner's motion to alter or to amend judgment (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated: June 9, 2025　　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 9, 2025.

　　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　　Case Manager